**Paul H. COSSETTE, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE Respondent.**

No. 04–3205.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before MAYER, Chief Judge, ARCHER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

Paul Cossette ("Cossette") seeks review of the Merit Systems Protection Board's ("Board") denial of his Veterans Employment Opportunity Act ("VEOA") appeal and his claim pursuant to the Uniformed Services Employment and Reemployment Act ("USERRA"). *Cossette v. Dep't of Agric.*, No. BN–3443–02–0147–I–2, BN–3443–02–0067–I–2, 95 M.S.P.R. 625, 2004 WL 489227 (M.S.P.B. Jul. 7, 2003) ("Initial Decision"). Because substantial evidence supports the Administrative Judge's ("AJ") conclusion that Cossette failed to show by a preponderance of the evidence that his military service was "a substantial or motivating" factor in his nonselection for the position of Resource Assistant and that Cossette was not denied an opportunity to compete for the position of Resource Assistant, we *affirm* the AJ's decision.

Cossette applied for the position of Resource Assistant, GS–1101–07, located in the White Mountain National Forest, Laconia, New Hampshire. Relevant to the present case is the basic qualification for the position that the applicant have "1 full year of graduate level education or superior academic achievement; or 1 year of specialized experience equivalent to at least the GS–05 level." Specialized experience was defined in the vacancy announcement as "that which has equipped the ap-

plicant with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the position to be filled."

In applying for the Resource Assistant position, Cossette claimed 5–point veteran's preference and submitted his resume. According to his resume, Cossette graduated from high school and also earned 56 credit hours towards a college degree. He did not indicate that he had any further higher level education. Cossette further listed his careers in the credit and banking field totaling approximately 35 years of experience in that industry. Finally, for seven months, he was employed by the Department of Agriculture ("agency") in the Pemigewasset/Ammonoosuc Ranger District to perform "general district field maintenance."

Cossette's application was reviewed three times, by request, and deemed not to meet the basic qualifications of the position. Cossette then filed a VEOA appeal with the Board based on the allegation that he was wrongfully denied veterans preference in the selection process for the position of Resource Assistant. Cossette also filed a USERRA claim, asserting that by denying him appointment to the position for failure to meet basic qualification requirements, the agency illegally discriminated against him because he was a veteran. The claims were joined, and because Cossette did not request a hearing, the claims were decided on the record.

With respect to the USERRA claim, the AJ found that Cossette submitted no evidence to support his initial allegation that he was informed by several colleagues that he would need "luck" in the application process because he was "too old, ... too strong, ... an outsider, the job is 'wired' for someone else and [he was] a veteran." The AJ also found that Cossette did not submit any evidence that reflected directly on the agency's alleged discriminatory attitude towards members of the uniformed service and on his nonselection for the position of Resource Assistant. The evidence Cossette did submit was directed to alleged errors by the agency in deeming three other non-veteran applicants for the position as meeting the specialized experience qualification requirements of the Resource Assistant position. The AJ noted, however, that all three of those applicants met the specialized experience requirement through previous work with the Forest System. In view of this, the AJ found that Cossette had failed to meet the initial burden necessary to bring a successful USERRA claim.

With respect to the VEOA claim, the AJ found that Cossette was not denied the opportunity to compete for the position. Rather, the agency found Cossette did not meet the basic qualifications for the position, and Cossette had made no showing that he in fact met the basic qualification requirements of the Resource Assistant position. Based on this, the AJ ruled that Cossette's VEOA claim must fail.

The full Board denied Cossette's petition for review, and the AJ's Initial Decision became final. We have jurisdiction pursuant to 5 U.S.C. § 7703.

We must affirm a Board decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

■ An individual making a USERRA claim of discrimination bears the initial burden of showing by a preponderance of the evidence that his military service was "a substantial or motivating factor" in the adverse employment action. *See Sheehan v. Dep't of the Navy,* 240 F.3d 1009, 1013 (Fed.Cir.2001).

As the AJ found, Cossette did not present any evidence that his veteran status was a substantial or motivating factor in his nonselection. Cossette simply states, offering no evidentiary support, that three other candidates were judged more leniently when viewing their specialized experience for the position when compared to how he was judged. Cossette's argument is that his additional experience in the credit and banking field should be considered sufficient to meet the requirement and that he was discriminated against because of his status as a veteran. However, he offers no evidence to support this contention. Accordingly, in view of the record before us, we hold that the substantial evidence supports the AJ's finding that Cossette failed to meet requisite burden of proof for a USERRA claim.[1]

■ Turning to Cossette's VEOA claim, as the AJ and the government note, the VEOA provides preference eligibles or veterans the opportunity to compete, it does not provide that such applicants will be considered eligible for positions for which they are not qualified. Cossette was not denied an opportunity to compete for the position. In fact, his application was reviewed three different times. Each time, the reviewer found that he was not qualified for the position of Resource Assistant. Further, substantial evidence supports the AJ's finding that Cossette made no showing that he in fact met the basic qualification requirement for the position.

■ Finally, Cossette argues that the AJ erred in refusing to allow him to ask

questions of the agency regarding his qualifications for the vacancy compared to the lack of qualifications of the majority of the finalists selected over him. However, he offers nothing to suggest that the AJ abused his discretion. Indeed, the AJ notified Cossette of his right to an evidentiary hearing, which he refused. Further, with respect to interrogatories submitted to the agency, the AJ found that the interrogatories were overly broad and were not designed to elicit probative evidence. And Cossette offers nothing to suggest otherwise. Accordingly, we hold the AJ did not abuse his discretion in denying Cossette's motion to compel the agency to respond to interrogatories.

---

1. Cossette's informal brief argues that the AJ improperly interpreted the position description qualifications as requiring one year of service with the Forest Service. As the government points out, this is not the case. Cossette is simply reading one line of the AJ's opinion out of context. The position qualifications required one year of specialized experience which could have been inside or out-

side the Forest Service. The AJ was simply noting that the three non-veteran applications to which Cossette directed his attention had actually worked in the Forest Service for the required year (unlike Cossette), the implication being that working for the Forest Service likely met the specialized experience requirement on its face.